**NOTICE**: This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 170837-U

Order filed July 10, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Stark County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-17-0837 Circuit No. 16-CF-0015 |
| | ) | |
| THOMAS W. PHELPS, | ) ) | Honorable Thomas A. Keith, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE CARTER delivered the judgment of the court.
Presiding Justice Lytton and Justice O'Brien concurred in the judgment.
_____

**ORDER**

¶ 1     *Held*:  The State proved defendant guilty of domestic battery beyond a reasonable doubt.

¶ 2     Defendant, Thomas W. Phelps, appeals his conviction for domestic battery. Defendant

argues the evidence was insufficient to prove him guilty of the offense. We affirm.

¶ 3                                I. BACKGROUND

¶ 4      The State charged defendant by complaint with domestic battery (720 ILCS 5/12-3.2(a) (West 2016)). The complaint alleged that defendant "knowingly made contact of an insulting and provoking nature with Lisa M. Phelps, *** in that the defendant *** shoved her to the ground."

¶ 5      At a preliminary hearing, Lisa Phelps testified that she and defendant were married and lived together but were legally separated when the incident occurred. She testified that on September 22, 2016, defendant returned home intoxicated. Defendant became upset when Lisa refused to purchase more alcohol for him. An argument ensued, and Lisa grabbed her keys and walked toward the door to separate herself from the conflict. During this time, she called the sheriff's office. Defendant followed Lisa and collided with her just outside the door, causing her to fall. Lisa testified that defendant "bumped [her] with his shoulder and shoved [her] to the ground" and that the "right side of [her] foot caught the front inside of [defendant's] foot, and [she] just kind of tripped as well as being pushed down." On cross-examination, when asked if defendant might have stumbled into her because he was intoxicated, Lisa replied that "[e]verything was happening between him and I so fast that it is a possibility." Lisa testified defendant did not put his hands on her but that it was "[j]ust the shoving *** with the shoulder."

¶ 6      Officer Casey Jackson of the Toulon Police Department testified that he and another officer responded to Lisa's call and that he spoke to Lisa when he arrived on the scene. Lisa told Jackson that defendant mentioned something about putting his hands on her and that defendant pushed her in the back as she was going outside.

¶ 7      The court found there was probable cause to support defendant's domestic battery charge.

¶ 8      During the subsequent bench trial, Lisa's testimony largely mirrored her preliminary hearing testimony: Lisa and defendant were legally separated but still married on September 22, 2016; defendant returned home intoxicated; an argument ensued; defendant threatened to put his

2

hands on her and called her inappropriate names; she walked away from defendant; defendant followed, continuing to yell at her; and defendant collided with her outside the door, causing her to fall. Lisa testified that defendant was "in [her] face" and that defendant was "screaming and yelling" and "irate." Lisa also testified that defendant spat on her twice during the incident and that defendant put his hands on "[t]he back part of [her] body."

¶ 9        On cross-examination, Lisa testified that she did not mention that defendant spat on her during the incident in her preliminary hearing testimony because she was "so upset" by the incident that she "didn't even think about telling the Court that [the spitting] had happened." She testified that she could not remember whether she told the officers about defendant spitting. When defense counsel followed up on this point, she responded, "I'm sure I did" and "I can't recall if I did or not because I was so irate and upset." Officer Jackson testified that he did not remember Lisa telling him that defendant spat on her. Lisa also clarified during cross-examination that "[defendant] did not put his hands on me directly. His body, yes; spitting on me, yes; his hands, no."

¶ 10       The circuit court found defendant guilty of domestic battery. The court found that Lisa's testimony was credible "[b]ased on all of the circumstances." The court sentenced defendant to four years' imprisonment. Defendant appeals.

¶ 11                                    II. ANALYSIS

¶ 12       Defendant argues the State failed to prove beyond a reasonable doubt that he knowingly made contact of an insulting or provoking nature with Lisa because Lisa admitted he could have stumbled into her accidentally due to his intoxicated state. We disagree; the evidence, viewed in the light most favorable to the State, proved beyond a reasonable doubt that defendant knowingly shoved Lisa.

3

¶ 13        "A criminal conviction will not be set aside unless the evidence is so improbable or unsatisfactory that it creates a reasonable doubt of the defendant's guilt." *People v. Collins*, 106 Ill. 2d 237, 261 (1985). It is not the reviewing court's role to retry the defendant; instead, we must ask whether, " 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " (Emphasis in original.) *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). The trier of fact must "resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from the facts." *People v. Gray*, 2017 IL 120958, ¶ 35. The circuit court is best positioned to make witness credibility determinations because it can observe witnesses' conduct and demeanor. *People v. Deleon*, 227 Ill. 2d 322, 332 (2008). A reviewing court will not replace the trier of fact's judgment with its own regarding the weight of the evidence or witnesses' credibility. *Gray*, 2017 IL 120958, ¶ 35. "A conviction may be based on circumstantial evidence ***." *People v. Huff*, 29 Ill. 2d 315, 320 (1963). A single witness's testimony, if positive and credible, is sufficient to support a conviction. *People v. Siguenza-Brito*, 235 Ill. 2d 213, 228 (2009). "A conviction will not be reversed simply because the evidence is contradictory or because the defendant claims that a witness was not credible." *Gray*, 2017 IL 120958, ¶ 36. The trier of fact need not "search out a series of potential explanations compatible with innocence, and elevate them to the status of a reasonable doubt." *People v. Russell*, 17 Ill. 2d 328, 331 (1959).

¶ 14        "A person commits domestic battery if he or she knowingly without legal justification by any means *** makes physical contact of an insulting or provoking nature with any family or household member." 720 ILCS 5/12-3.2(a)(2) (West 2016). A person acts knowingly regarding "[t]he nature or attendant circumstances of his or her conduct *** when he or she is consciously

4

aware that his or her conduct is of that nature or that those circumstances exist." *Id.* § 4-5(a). A person acts knowingly regarding "[t]he result of his or her conduct *** when he or she is consciously aware that that result is practically certain to be caused by his conduct." *Id.* § 4-5(b). "Knowledge may be inferred from the facts and circumstances of the case." *People v. Holt*, 271 Ill. App. 3d 1016, 1025 (1995).

¶ 15        Defendant argues the evidence was insufficient to prove he acted with the requisite mental state, namely that he knowingly made contact with Lisa. The court reasonably inferred from Lisa's testimony that defendant knowingly made contact of an insulting or provoking nature. Lisa testified that defendant followed her through the residence, called her names, and threatened to put his hands on her. Defendant also spat on her, shoved her to the ground, and spat on her again. During this interaction, defendant was "in [Lisa's] face," "irate," and "screaming and yelling." The court could reasonably infer from Lisa's testimony that defendant was consciously aware his actions were insulting or provoking to Lisa. See 720 ILCS 5/4-5(a) (West 2016). Therefore, these facts, viewed in the light most favorable to the State, proved beyond a reasonable doubt that defendant was consciously aware that his actions constituted physical contact of an insulting or provoking nature.

¶ 16        Defendant also argues that Lisa's trial testimony was unreliable because it contradicted her testimony from the preliminary hearing. At trial, Lisa testified that defendant used his hands to push her in the back and spat on her twice, while in her preliminary hearing testimony Lisa said defendant bumped her with his shoulder and did not mention spitting. Lisa's differing statements presented a credibility determination for the court to decide in its fact finder role. See *People v. Sanchez*, 115 Ill. 2d 238, 261-62 (1986) (a reviewing court will not override a circuit court's factual determinations unless they are unreasonable and not based on the evidence).

Ultimately, the court concluded that Lisa's testimony was credible. From our review of the record, this credibility determination was not unreasonable. We therefore defer to this finding on appeal and conclude the evidence was sufficient to prove defendant's guilt beyond a reasonable doubt.

¶ 17                                    III. CONCLUSION

¶ 18          The judgment of the circuit court of Stark County is affirmed.

¶ 19          Affirmed.